UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMAR MILLER, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:14CV766(RNC) |
| MARK BUCHANAN, | : | |
| Defendant. | : | |

MEMORANDUM OF CONFERENCE AND ORDER

On June 29, 2017, the court conducted a settlement conference in which the plaintiff was self-represented and the defendant was represented by Assistant Attorney General Parille. After the settlement conference, the court went on the record to discuss the plaintiff's submissions (doc. ##59, 61) regarding the defendant's failure to comply with the court's June 6, 2017 discovery order.[1] (Doc. #52.)

1. <u>Production Request 1</u>: In its June 6 ruling, the court ordered defense counsel to notify the Health Service Coordinator Rikel Lightner ("Lightner") to give the plaintiff access to a specified manual by June 13, 2017. (Doc. #52.) It is undisputed that the plaintiff has not reviewed the manual. Attorney Parille stated that he called Lightner and asked her to arrange for the plaintiff

---

[1] The plaintiff filed doc. #59, entitled "Judicial Notice," on June 23, 2017 and doc. #61, entitled "Plaintiff's Motion for Sanctions," on June 28, 2017. Attorney Parille was unaware of the plaintiff's filings. The court provided him with copies of those filings as well as a copy of the court's June 6, 2017 ruling on the plaintiff's motion to compel (doc. #52).

to see the manual. According to Attorney Parille, Lightner subsequently told him that she reached out to the plaintiff but that the plaintiff refused Lightner's offer to review the manual. The plaintiff flatly denied that Lightner ever offered him an opportunity to review the manual. As a result, it falls to the court to set forth a procedure to ensure that the plaintiff is given access to the requested material.

Lightner and Attorney Parille shall schedule a time and date, no later than July 11, 2017, on which the plaintiff may examine the manual. Lightner shall provide this information to the plaintiff's counselor, who, in turn, shall inform the plaintiff of his appointment to review the manual. The counselor shall accompany the plaintiff to see the manual. The counselor and Lightner shall execute affidavits in which they set forth the steps taken to effectuate this order. If the plaintiff refuses to accompany the unit manager to examine the manual, the plaintiff shall sign a refusal that is co-signed by his counselor. By July 13, 2017, the defendant shall file the aforementioned documents.

2. <u>Production Requests 3 and 4</u>: The plaintiff stated in his submissions that the defendant had not complied with the court's order as to these requests. During the status conference, the plaintiff indicated that he had received the defendant's response the day before, that is, June 28, 2017. Attorney Parille conceded

2

that the response was late[2] because he had forgotten about it.

3. Production Requests 7, 8 and 9: Same as above.

4. Request for Admission 14: In its June 6, 2017 order, the court ordered the defendant to serve an amended answer. (Doc. #52.) It is undisputed that the defendant has not done so. Attorney Parille stated during the conference that he has had a "hard time" reaching the defendant, Dr. Buchanan; that he must confer with Dr. Buchanan to respond; and that he has a conference call with Dr. Buchanan scheduled for June 30, 2017. By July 11, 2017, the defendant shall serve an amended answer.

5. Interrogatory 2: The court ordered the plaintiff to propound a revised interrogatory and ordered the defendant to respond by June 13, 2017. (Doc. #52 at 2.) The plaintiff timely propounded the revised discovery request on June 9, 2017 and filed notice of the same. See doc. #55. Notwithstanding the court's order, the defendant did not respond to the interrogatory. Attorney Parille stated during the conference that he requires the assistance of the defendant Dr. Buchanan to respond to the interrogatory. Again, the defendant's response is due by July 11, 2017.

6. Interrogatories 7 and 8 and Second Request for Production 2:

---

[2]Local Rule 37(d) provides that "[u]nless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order." The court's order was issued on June 6, 2017. Accordingly, except as to those requests where the court set earlier deadlines, the defendant's compliance was due by June 20, 2017.

3

During oral argument on the plaintiff's motion to compel on June 6, 2017, Attorney Parille represented that in order to fully respond to these requests, he needed the plaintiff to sign a release so that the defendant could review the plaintiff's medical records. The court, in response, ordered defense counsel to send the plaintiff an authorization form by June 9, 2017 and ordered that following "review of the plaintiff's medical records, the defendant shall serve an amended answer to these requests by June 20, 2017." The defendant has not served an amended answer to these requests.

During the status conference, Attorney Parille represented that he did not send the plaintiff a release because he subsequently concluded that a release was not necessary. He stated that he did not serve amended responses because he is "waiting" for defendant Dr. Buchanan. The defendant's responses are due by July 11, 2017.

7. <u>Interrogatory 16</u>: In the court's ruling, the court ordered the defendant to serve an amended answer to this request. (Doc. #52.) Attorney Parille conceded that he has not done so, explaining again that he requires the assistance of Dr. Buchanan. The defendant shall served an amended answer by July 11, 2017.

In sum, as to all the discovery requests granted by the court in its June 6, 2017 order, defense counsel either served tardy responses or failed to respond at all. "Compliance with discovery orders is necessary to the integrity of our judicial process."

4

Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991). "[D]iscovery orders are meant to be followed. A party who flouts such orders does so at his peril." Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995). If counsel required additional time in which to comply with the court's order, he easily could have filed a motion requesting an extension of time pursuant to Local Rule 7(b) rather than simply ignoring the deadline.

Attorney Parille shall cause a copy of this Order to be served on defendant Dr. Buchanan. The Clerk of the Court shall mail a copy of this Order to Assistant Attorney General Terrence O'Neill at 110 Sherman Street, Hartford, Connecticut.

Defendant is reminded that his response to the plaintiff's motion for sanctions (doc. #61) is due by July 19, 2017.

SO ORDERED at Hartford, Connecticut this 30th day of June, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge